# Fields v. Commonwealth.

(Decided June 21, 1935.)

BAILEY P. WOOTTON, Attorney General, DAVID C. WALLS, Assistant Attorney General, ALLEN P. CUBBAGE, CHESTER O. CARRIER, J. M. CAMPBELL and FAUREST & FAUREST for Commonwealth.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

H. C. Fields was indicted in the Grayson circuit court, charged with signing and sending threatening letters with intent to extort, in violation of section 1222, Kentucky Statutes, as amended by the Acts of 1932, c. 43. The indictment charged the crime was committed by his writing, signing, and sending a letter to Holmes Gardner, Leitchfield, Ky., and another, also written, signed by him, and addressed to Judge Holbert, in which he charged that Allen P. Cubbage was a "cheap grafter"; had accepted a "bribe" and entered into "a conspiracy to commit a felony" demanding of Cubbage a written confession, "giving a complete and truthful account of all bribe money paid"; "exactly how much was paid, who did the paying, who acted as agent in the matter, who received the money and the purpose for which it was paid." One of the letters contained this statement:

> "I think that you [Holmes Gardner] and I will have no serious trouble in agreeing on the amount justly due me for damages done me."

On a trial to a jury he was found guilty and his punishment fixed at one year in the State Reformatory. From a judgment sentencing him accordingly, he appeals.

The elements of the crime are: (2) The sending of the letter, "with or without a name, or with a fictitious name"; (b) "falsely" accusing another "of a felony," thereby creating a feeling of fear, "with an intent to extort or gain money wrongfully," that is, without color of title or right. The accusatory part of the indictment appropriately names the crime, and the descriptive portion adequately sets forth the facts, including the letters, constituitng it as it is defined by section 1222. Commonwealth v. Patrick, 127 Ky. 473, 105 S. W. 981, 32 Ky. Law Rep. 343; section 122, Criminal Code of Practice. While it was not tested by a demurrer, we have considered it as if it were.

It would require too much space in this opinion to reproduce the evidence. It is sufficient to say that the charges preferred in his letters, against Cubbage, were proven to be absolutely false. The above excerpt from one of his letters shows that he anticipated as the product of the letters, which were in effect a demand of, "the amount justly due for damages done to" him, to which, according to the evidence, he had no color of claim or title or right.

The testimony of the accused, itself, establishes facts sufficient to prove his guilt beyond a reasonable doubt.

We have carefully read the instructions of the court, and find that in appropriate, apt language, they properly define the duties of the jury when considering its verdict. The only error of which he complains in his motion and grounds for a new trial is the failure of the court to give an instruction on insanity. No evidence was offered bearing on this question, other than that of Dr. Marcus Phelps, who testified that he had examined the accused at his request and declared he "was mentally sound and in due possession of his mental faculties and possessed of intelligence far above the average mentally."

It is true it was the duty of the court to give to the jury the whole law of the case, and in the absence of

any evidence tending to show his mental unsoundness, the court properly failed to give an instruction concerning it. Indeed, his testimony, while on the witness stand, shows intelligence, and this in the esteem of the jury doubtless aggravated, rather than mitigated, the degree of his guilt.

Finding no error in the record and none having been pointed out in the accused's brief, authorizing a reversal, the judgment is affirmed.

The whole court sitting.